# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

In re

| | | |
|---|---|---|
| DOUGLAS ALLEN SAAR and TARA LYNN SAAR, | ) ) ) ) | Case No. 13-19636-KAO |
| Debtors, | ) ) ) | |
| _____ | ) | |
| BRUCE R. MOEN, as Successor Personal Representative of the consolidated administrations of the Estate of Jean E. Froman, deceased, and of Ellen Johnson, deceased, | ) ) ) ) ) ) | Adversary Case No.: _____  COMPLAINT FOR NONDISCHARGEABILITY OF DEBT |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DOUGLAS ALLEN SAAR and TARA LYNN SAAR, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Plaintiff Bruce R. Moen, as Successor Personal Representative of the consolidated

administrations of the Estate of Jean E. Froman, deceased, and of Ellen Johnson, deceased,

by the undersigned counsel, alleges as follows:

COMPLAINT RE NONDISCHARGEABILITY
OF DEBT – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4000
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

63364-0004/LEGAL29192309.1

# I. GENERAL ALLEGATIONS

1.     This Court has jurisdiction under 11 U.S.C. § 523 and 28 U.S.C. §§ 1331, 1334(b) and (e) and 157. This adversary proceeding is a core proceeding, under 28 U.S.C. § 157 (b)(2)(A), (I), and (J), arising under Title 11 U.S.C. and arising in the above-referenced case under Chapter 7 of the Bankruptcy Code, now pending in the court.

2.     Venue is proper in this Court pursuant to 28 U.S.C. §1409 as the Chapter 7 case is pending in the above-stated federal judicial district.

3.     This action arises under sections of the Bankruptcy Code (11 U.S.C. §523).

4.     This action arises under and relates to the Debtors' Chapter 7 bankruptcy case of *In re Douglas Allen Saar and Tara Lynn Saar*, Case No. 08-16972-SJS, now pending before the United States Bankruptcy Court for the Western District of Washington, Seattle Division. Douglas Allen Saar and Tara Lynn Saar, are husband and wife and are the Defendants herein, and shall sometimes be referred to herein collectively as the "Debtors."

5.     Plaintiff is a creditor in the Debtors' Chapter 7 bankruptcy case now pending in this Court.

6.     Plaintiff seeks a determination of nondischargeability of the legal obligations owed by Debtor to Plaintiff for debts obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

## II. THE PARTIES AND FACTUAL BACKGROUND

7.     Debtor Douglas A. Saar was the Personal Representative of both the Estate of Jean E. Froman (the "Froman Estate") in Island County, Washington Superior Court Case No. 12-4-00040-1 (the "Froman Case") and the Estate of Ellen Johnson (the "Johnson Estate"; collectively with the Froman Estate, the "Probate Estates") in Island County,

COMPLAINT FOR
NONDISCHARGEABILITY OF DEBT – 2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4000
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Washington Superior Court Case No. 12-4-00049-4 (the "Johnson Case"; collectively with the Froman Case, the "Probate Cases").

8.     Mr. Saar administered both Probate Estates as personal representative until he resigned on March 4, 2013.

9.     Mr. Saar was not discharged in either of the Probate Cases.

10.    Bruce R. Moen was appointed by order on March 4, 2013 as the successor personal representative of both of the Probate Estates.  Mr. Moen continues to serve in such capacity, is the lawful representative of the Probate Estates, and is the Plaintiff herein in his capacity as personal representative of the Probate Estates.

11.    Despite the requirement to produce an accounting pursuant to RCW 11.28.290, Mr. Saar failed to provide an adequate accounting for the use of funds in the Probate Estates during his service as personal representative.

12.    Upon information and belief, Mr. Saar misappropriated funds from the Probate Estates while serving as personal representative.

13.    Mr. Saar failed to deliver to Mr. Moen as successor personal representative all of the funds that were or should been in the Probate Estates at the time of Mr. Saar's resignation as personal representative.

14.    Upon information and belief, Mr. Saar engaged in fraudulent billing practices while serving as personal representative of the Probate Estates.

### III.  CLAIM FOR RELIEF 11 U.S.C. § 523(a)(4)

15.    Plaintiff repeats and realleges every allegation contained in paragraphs 1 through 14 as if fully set forth herein.

16.    11 U.S.C. § 523(a)(4) prohibits the discharge of any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

COMPLAINT FOR
NONDISCHARGEABILITY OF DEBT – 3

**Perkins Coie** LLP
1201 Third Avenue, Suite 4000
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

63364-0004/LEGAL29192309.1

17.     Debtor Douglas Saar obtained funds from the Probate Estates by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

18.     The funds taken improperly from the Probate Estates by Douglas Saar were used for the benefit of the marital community of Douglas Allen Saar and Tara Lunn Saar.

19.     The Debtors owe debts to Plaintiff that are nondischargeable under 11 U.S.C. § 523(a)(4).

WHEREFORE, Plaintiff prays for the following relief:

1.     For judgment against the Debtors for an amount to be proven.

2.     For a judgment that the obligations of Debtors to Plaintiff are NOT DISCHARGEABLE pursuant to 11 U.S.C. § 523(a)(4).

3.     Such other and further relief as the court deems just and equitable.

DATED:  February 2, 2014.

**PERKINS COIE** LLP

By:  /s/ John S. Kaplan
     John S. Kaplan, WSBA #23788
     JKaplan@perkinscoie.com
     1201 Third Avenue, Suite 4900
     Seattle, WA  98101-3099
     Telephone:  206.359.8000
     Facsimile:  206.359.9000

**Attorneys for Bruce R. Moen, as Successor Personal Representative of the consolidated administrations of the Estate of Jean E. Froman, deceased, and of Ellen Johnson, deceased**

COMPLAINT FOR
NONDISCHARGEABILITY OF DEBT – 4

63364-0004/LEGAL29192309.1